UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Buster Jones, *a/k/a Harold Jones,*   Plaintiff,<br><br>vs.<br><br>Robbin W. d/b/a Robbin Bail Bonds;<br>Larry W. Powers, Warden of Spartanburg County Detention Center,   Defendants. | C/A No. 8:09-49-GRA-BHH<br><br>Report and Recommendation |

## Introduction

The plaintiff, Harold Buster Jones, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] On the date the plaintiff brought this action he was a pre-trial detainee at the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the warden of the detention center and the owner of a bail bond business.[2] The complaint should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." Title 28 U.S.C. § 1915A(a).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject

to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff alleges that he was arrested on several Spartanburg County General Sessions warrants and that he used the defendant Robbin W. d/b/a Robbin Bail Bonds, a surety, to obtain and be released on bail. He alleges that on December 22, 2008, defendant Robbin, through his/her employees, broke down his front door, arrested him, and took him to the Spartanburg County Detention Center. The plaintiff alleges that defendant Robbin presented an affidavit of surrender by the surety and presented the plaintiff to Lt. Hayes who placed the plaintiff in the Spartanburg County Detention Center where he remains.[3] The plaintiff alleges that a South Carolina statute, S.C. Code Ann. § 38-53-50 (2008), requires a surety to follow certain procedures when a surety desires to

---

[3] From the website of the Spartanburg County Detention Center, it appears that the plaintiff was detained in the facility from 12/22/2008 until 1/13/2009. *See* http://www.spartanburgcountyjail.org/x/rel15a.xml (last visited Jan. 15, 2009).

be relieved on the bond.  The plaintiff alleges that defendant Robbin did not list appropriate reasons, as he was required by law to do, to explain why the plaintiff was surrendered to the detention center.  The plaintiff further complains that defendant Robbin did not file a motion to be relieved on bond within three days of surrendering the plaintiff as the surety was required by law to do.  The plaintiff alleges that he has been unlawfully detained for nine days past the three-day grace period.

The plaintiff alleges that defendant Powers is informed that the surety did not timely file a motion to be relieved on bond and is informed that the surety has violated S.C. Code Ann. § 38-53-50 (2008).  The plaintiff alleges that Powers continues to hold him in custody in violation of the plaintiff's "clearly established right to be free."  The plaintiff alleges that Powers and Robbin have worked in concert to deprive the plaintiff of "his constitutional right to be free."  The plaintiff asserts that S.C. Code Ann. § 38-53-50 (2008) provides him a liberty interest and that the defendants are violating his due process rights.  The plaintiff seeks compensatory and punitive damages.

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Merely private conduct, nor matter how wrongful, is not actionable under § 1983."  *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1258 (M.D. Fl. 2004).  In *Hall v. Quillen*, 631 F.2d 1154, 1154 (4th Cir. 1980), the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  Although affirming the district court's order,

the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this under § 1983 if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Id.* at 1155.  *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

A bail bondsman generally is not subject to suit under § 1983.  A bondsman does exercise powers conferred on him by state law, which includes the right to restrain the principal's liberty and bring him to trial, to arrest the principal without legal process, and to break and enter on private property to effect the arrest.  *See Jackson v. Pantazes*, 810 F.2d 426, 429 (4th Cir. 1987); *Taylor v. Taintor*, 83 U.S. 366, 371-72 (1872).[4]  However, ordinarily a bail bondsman may not fairly be said to be a state actor.  *See Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1260 (M.D. Fl. 2004) (noting that in spite of increased state regulation over bail bondsmen the majority of courts hold that bail bondsmen are not state actors for purposes of § 1983); *Thompke v. County of Berkeley*, No. 2:07-2648-TLW-TER, 2008 WL 4449949 at *4 (D.S.C. September 26, 2008) (noting that "A Bail For You" appeared to be a private company and not connected to any state action).  *Cf. Jackson v.*

---

[4] In Texas, *Taylor v. Taintor*, has been superannuated by statute.  *See Green v. State*, 829 S.W.2d 222, 223 (Tex.Crim.App. 1992) ("*Taylor* is not the law in Texas.").

5

*Pantazes*, 810 F.2d 426, 429 (4th Cir. 1987) (finding that a bail bondsman was a state actor for purposes of § 1983 due to significant participation by a state official); *Richardson v. Powel*, No. 1:04cv874, 2007 WL 2985064 at *4 n.3 (E.D. Va. March 29, 2007) (noting that some courts interpret *Jackson v. Pantazes*' holding narrowly that bail bondsmen are only state actors when they act in consort with the regular police in effecting an arrest).

In this case, defendant Robbin's actions or failure to act were allegedly solely attributed to Robbin's employees. The plaintiff complains about Robbin's employees' failure to list appropriate reasons for his arrest on the affidavit of surrender and that the surety did not adhere to the requirement to file a motion within three days of returning the plaintiff to the detention center. Nothing is alleged to have been performed by Robbin's employees with significant assistance of law enforcement officials. The crux of the plaintiff's problem is that defendant Robbin did not act quickly enough in filing a motion to be relieved on the bond which caused the plaintiff to sit in jail for at least nine days too long. Because defendant Robbin, a bail bondsman, as a matter of law under the facts alleged in this case was not a state actor, the complaint fails to state a claim under 42 U.S.C. § 1983 as to that defendant.

As to defendant Powers, he should be dismissed because the plaintiff failed to state a claim upon which relief may be granted. The plaintiff alleges that although Powers, the warden, had knowledge that the surety failed to comply with S.C. Code Ann. § 38-53-50 (2008), Powers continued to detain the plaintiff. The error of this argument is that the said statute requires detention facilities to take custody of and hold a defendant when the surety presents the defendant and an affidavit *until a court takes some action*, for example,

entering an order that the surety can be relieved on the bond. *Id.* Defendant Powers, of course, does not have authority over a court to require it to hold a prompt hearing. Therefore, because the plaintiff's complaint appears to be focused on the fact that no court has reviewed his case for bond in a timely manner, defendant Powers is not subject to suit under § 1983 for a Spartanburg County court's alleged failure to timely have a hearing.

It appears that Powers is an agent of Spartanburg County and Spartanburg County is not responsible for actions taken by any state courts within Spartanburg County.[5] It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d 23, 24 (S.C. 1975).[6] Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Spartanburg County, retains the *sole* authority to supervise magistrates' courts, municipal courts in Spartanburg County, and the Circuit Court for Spartanburg

---

[5] The court takes judicial notice that defendant Powers is the director of the Spartanburg County Detention Center which is operated by the county. *See* Spartanburg County Detention Facility Homepage, http://www.spartanburgcountyjail.org/index.php (last visited Jan. 15, 2009). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[6] County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. See *State ex rel. McLeod*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

7

County.  *See Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988).  By virtue of Article V, Spartanburg County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of Spartanburg County.  Consequently, because neither Spartanburg County not its agent defendant Powers has authority over the county court system, the plaintiff failed to state a claim against defendant Powers.[7]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 21, 2009
Greenville, South Carolina

---

[7] To the extent that the plaintiff may be alleging that Powers violated a duty he owed to the plaintiff, this is an allegation that Powers may have violated a state law or committed a state tort.  However, no § 1983 claim may be brought based merely on a violation of state law or on a state tort.  *See Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).